Dee Loren PIERCE, Petitioner,

v.

Herbert STROUD, Sheriff, Pottawatomie County, Oklahoma, Respondent.

No. A–16165.

Court of Criminal Appeals of Oklahoma.

July 7, 1970.

Mac Oyler, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Robert D. Nelon, Legal Intern, James Sill, Asst. Dist. Atty., for respondent.

## MEMORANDUM OPINION

NIX, Judge:

This is an original proceeding in which Dee. Loren Pierce through his counsel, Mac Oyler, has petitioned this Court for a writ of habeas corpus, alleging that he is illegally confined in the Pottawatomie County Jail by Herbert Stroud, Sheriff, by order of the Honorable J. Knox Byrum, District Judge, upon finding petitioner in direct contempt of court.

It appears that petitioner was charged in the District Court of Pottawatomie County, Case No. CRF 69–271, with forgery of a narcotic prescription after former conviction of a felony. After a preliminary examination, petitioner was bound over to stand trial in the district court and arraigned on May 14, 1970. Subsequently, on motion of the District Attorney, the district court ordered the petitioner to furnish a handwriting exemplar to the prosecution, the exemplar to be made in the presence of police officers and the District Attorney's office on May 22, 1970, at 2:00 p. m. Said order was dated May 18, 1970, and signed by Judge Byrum. Petitioner objected to furnishing such exemplar on the grounds that he was being compelled to give evidence which would tend to incriminate him in violation of his constitutional rights. On May 25, 1970, the petitioner appeared with counsel before Judge Byrum and after his objections had been overruled, was again verbally ordered to give a handwriting exemplar to which the petitioner respectfully declined, citing Article II, Section 21, of the Oklahoma Constitution, as well as Article V of the United States Constitution. The Judge then found the petitioner in direct contempt of court and ordered the defendant confined in the county jail "until such time as he does comply with this order" to furnish a handwriting exemplar. The petitioner's request for a jury trial was overruled as was a request for bond.

In bringing this action, petitioner makes two contentions. First, that the court's written order directing him to furnish a handwriting exemplar to the prosecution is in violation of the self-incrimination provision of the Oklahoma Constitution. Article II, Section 21, and the United States Constitution, Article V. Secondly, the petitioner contends that the district court's finding and order of confinement for direct contempt is in error, as he is entitled to a jury trial under Article II, Section 25, and Title 21 O.S.1961, Section 565. For the purposes of disposing of this proceeding, it is not necessary to answer petitioner's first contention.

Title 21 O.S.1961, Section 565, provides as follows:

"Contempts of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and wilful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance, so near to it as to interrupt its proceedings, shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for. Indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court; resistance wilfully offered by any person to the execution of a lawful order or process of a court."

Title 21 O.S.1961, Section 567, provides:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

In Blanton v. State, 31 Okl.Cr. 419, 239 P. 698 (1925), this Court held:

"And, since the defendants in this case demanded a trial by jury, it is necessary that we determine whether the contempt charged was direct or indirect. For if indirect, defendants were denied a constitutional right in denying them a trial by jury, and were denied a statutory right in being proceeded against without a written accusation. It will be observed that section 1697, Comp.Laws 1921 [21 O.S.1961, § 565]; above quoted, sets out what shall constitute a direct contempt, and a direct contempt is therein defined as: First. Disorderly or insolent behavior during the session of the court in its immediate view and presence. Second. Unlawful and willful refusal of a person to be sworn as a witness, and the refusal to answer any legal or proper question. Third. Any breach of the peace, noise, or disturbance so near to the court as to interrupt its proceedings." 31 Okl.Cr., at 425, 239 P., at 701.

The failure of the petitioner in the instant case to furnish the District Attorney a handwriting exemplar does not constitute disorderly or insolent behavior, nor the refusal to be sworn or answer a proper question, nor a breach of the peace interrupting the court proceedings. Accordingly, petitioner's failure to furnish a handwriting exemplar must be classified as indirect contempt under Section 565 which provides "indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court." Therefore, it follows that the petitioner was entitled to a jury trial upon demand as required by Section 567 in cases of indirect contempt.

It is therefore ordered, adjudged and decreed that the order of the District Court of Pottawatomie County of May 25, 1970, finding the petitioner, Dee Loren Pierce, guilty of direct contempt and ordering him confined in the county jail be vacated and set aside and petitioner immediately discharged from further confinement under said order.

Writ granted.

BRETT, P. J., concurs.

BUSSEY, J., not participating.